UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT KENTUCKY

08 MAY -5 AM 9:50

Kenneth L Mattingly )
) CASE NO. 3:08-cv-240-H
    Plaintiff )
) COMPLAINT
vs. ) JURY TRIAL DEMAND
)
Mapother and Mapother, P.S.C., and )
John and Jane Does 1-10 )
    Defendant )

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This petition is an action for statutory and actual damages brought by an individual consumer Kenneth L Mattingly ("Plaintiff") against Mapother and Mapother, P.S.C. ("Defendant") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. ("FCRA"); for injunctive relief and for declaratory relief. This petition is also an action for statutory and actual damages under the Kentucky Consumer Protection Act KRS § 367.110 *et seq.* which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### PARTIES

2. The Plaintiff, Kenneth L Mattingly, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Kentucky. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under KRS § 367.110(1).

3. Defendant, Mapother and Mapother, P.S.C. is a limited liability engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and a person as that term is defined under KRS § 367.110(1) engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business

1

located at 801 West Jefferson Street, Louisville, Kentucky 40202-2606

4. Defendants, John Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

5. Sometime on or about July 2001, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Citibank credit card in the approximate amount of $ 26,489.27, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

6. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

7. On or about August 25, 2006, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit A attached hereto and incorporated as if fully stated herein.

8. The original creditor never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

9. Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about February 13, 2007, Defendant **Mapother & Mapother, P.S.**C (hereinafter "Mapother"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter. See Exhibit B attached hereto and incorporated as if fully stated herein.

10. In response to this collection letter, on or about February 19, 2007 Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 *et seq.*, (see Exhibit C attached hereto and incorporated as if fully stated herein).

11. Defendants failed to provide verification and validation of the alleged debt in

violation of 15 U.S.C. Sec's 1692, *et seq.* and 1692g (b).

12. Despite having disputed this debt in writing to the original creditor and the Defendants **Mapother** previously and the original creditor and the Defendants **Mapother** failing to provide verification and validation of the debt, Defendants subsequently filed a civil complaint in the name of an alleged creditor on or about April 16, 2007 seeking full payment in the amount of $ 26,489.27. See Exhibit D attached hereto and incorporated as if fully stated herein.

13. Defendants **Mapother** have continued to pursue collection activity on the alleged debt and have initiated a judicial proceeding wherein they have willfully and materially failed to disclose that they are attempting to collect an amount that was disputed to their alleged creditor client in violation of the Fair Credit Billing Act. In addition Defendants have also failed to report to any third party credit reporting agency ("CRA") that the alleged debt is disputed.

14. Defendants **Mapother** have a duty to comply with these restrictions on reporting of disputed amounts to the state court and any CRA, and their failure to do so is contrary to federal and state statutes.

15. Defendants knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, and unable to produce a written agreement with a bona fide signature of the Plaintiff.

16. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

17. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692g(b) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION

### FIRST CLAIM

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 *et seq.*

18. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 -17 above as if fully stated herein.

19. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

21. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

22. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

### SECOND CLAIM

### VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT: KRS § 367.110 *et seq.*

23. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 – 17 above as if generally and specifically stated herein.

24. The conduct described in paragraphs 1-17 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Kentucky Consumer Protection Act KRS § 367.110 *et seq.*

25. Said conduct is generally and specifically within the meaning of the Kentucky Consumer Protection Act KRS § 367.110 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.
26. Debt collection is a service within the scope of "trade and commerce" as that term is defined under KRS § 367.110(2) and at issue in this case, generally this service affects commerce and trade in this state.
27. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited
28. The conduct described in paragraphs 1 - 17 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.
29. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

## DECLARATORY AND INJUNCTIVE RELIEF

30. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1- 29 above as if fully stated herein.
31. There exists a dispute over whether Defendants have violated the FDCPA, the FCRA, and Kentucky Consumer Protection Act KRS § 367.110 *et seq.*
32. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the FCRA, and Kentucky Consumer Protection Act KRS § 367.110 *et seq.*, and Plaintiff is similarly entitled to an order enjoining said acts.
33. As a result of Defendants actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.
34. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

## JURY DEMAND

35. Plaintiffs is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7. Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1. Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate
2. Award Plaintiff actual damages.
3. Award Plaintiff punitive damages.
4. Award Plaintiff state and federal statutory damages.
5. Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.
6. Award Plaintiff reasonable attorney's fees and costs of this litigation.
8. Grant such other and further relief as this Honorable Court deems just and proper.

Dated: May 5, 2008

Respectfully submitted,

Kenneth L Mattingly
1595 Walter Reed Rd
Hodgenville,
Kentucky 42748-9414

## VERIFICATION

I, Kenneth L Mattingly hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

*[signature]*
Kenneth L Mattingly
1595 Walter Reed Rd
Hodgenville,
Kentucky 42748-9414

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Mapother and Mapother, P.S.C.
801 West Jefferson Street, Louisville,
 Kentucky 40202-2606

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

Kenneth L Mattingly
1595 Walter Reed Rd
Hodgenville,
Kentucky 42748-9414